UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEVIN BOUIE,

    Plaintiff,

v.                                        CASE NO.:

A-1 ROOF TRUSSES LTD,
COMPANY
A Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff DEVIN BOUIE (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant A-1 ROOF TRUSSES LTD, COMPANY (hereinafter "Defendant"), and states the following:

## NATURE OF CASE

1. This is a claim by Plaintiff against his former employer for violations of the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA") and Florida's Worker's Compensation Law in violation of § 440.205, Florida Statute. As a result, and for the violation of the listed statutes, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement,

lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

2. Plaintiff was hired by Defendant in or around June of 2021.

3. At the time of his termination, Plaintiff worked for Defendant as a Roofing Assistant.

4. Defendant owns, controls, and operates a roof truss business in the state of Florida including the location where Plaintiff was employed.

## JURISDICTION & VENUE

5. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving the ADAAA. An express grant of federal court jurisdiction over these federal claims are found in the ADA Amendments Act of 2008.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims.

7. The acts and omissions giving rise to this action occurred in Palm Bay, Florida.

8. Defendant conducts business in Palm Bay, Florida.

9. Plaintiff was employed with Defendant in Palm Bay, Florida.

10. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

11. This is an action at law raises a federal question under federal law.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

13. Venue is proper in because the illegal conduct occurred within the judicial district in and for this District.

## STATUTORY PREREQUISITES

14. Plaintiff suffered an injury while performing work for Defendant.

15. Plaintiff was retaliated against for his need for an accommodation to address his work related injuries.

16. This injury and subsequent medical condition were reported to his supervisor.

17. Plaintiff's doctor cleared him to return to work on September 21, 2021.

18. Plaintiff is a member of a class of individuals protected by the ADAAA.

19. Plaintiff was qualified for is position of employment as a Roofing Assistant.

20. The Defendant meets the statutory criteria for coverage as an

"employer" under the ADAAA.

21. Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA.

22. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 11, 2022.

23. The EEOC issued a Notice of Right to Sue on August 31, 2022.

24. Plaintiff brings this suit within ninety (90) days of receipt of his Notice of Right to Sue.

25. Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

26. Plaintiff has satisfied all administrative prerequisites to perfect his claim.

## FACTUAL ALLEGATIONS

27. Plaintiff began his employment with the Company in June 2021.

28. On or about August 24, 2021, he was injured while working for Defendant.

29. A roof truss fell on Plaintiff's leg.

30. Plaintiff immediately completed an accident report.

31. Plaintiff was still in pain several weeks after his workplace accident and injury.

32. Plaintiff's leg injury affected the major life activity of his ability to walk, stand, and kneel.

33. Plaintiff visited a doctor for examination and care.

34. Plaintiff was prescribed ketorolac to treat his condition.

35. Plaintiff was cleared to return to work on September 21, 2021.

36. Defendant knew the reasons for Plaintiff's doctor's visits.

37. Defendant knew Plaintiff needed for time to heal from his work-related injury.

38. Defendant still terminated his employment.

39. Defendant attempted to say Plaintiff falsified the accident report.

40. Plaintiff immediately denied this allegation.

41. Defendant then said he was being terminated for absenteeism.

42. However, any absences were due to Plaintiff's workplace injury.

43. Defendant terminated Plaintiff because he was injured at work.

44. Defendant refused to engage in the interactive process to find another position that would comply with his accommodation needs.

45. Instead of working with Plaintiff to find another position he could do, Defendant terminated Plaintiff's employment.

## COUNT I
## DISABILITY/PERCEIVED DISABILITY DISCRIMINATION

46. Plaintiff realleges and adopts, as if fully set forth herein, the

allegations in paragraphs 1-5, 7-45 above.

47.     Plaintiff's medical conditions and restrictions were a motivating cause of Defendant's discriminatory behavior towards Plaintiff, and thus, constituted disability and/or perceived disability discrimination as proscribed by the ADAAA.

48.     Defendant's conduct, including but not limited to its refusal allow him time off to care for himself or to engage in any dialogue regarding making a reasonable accommodation, discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of employment because of Plaintiff's disability and/or perceived disability.

49.     As a natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

50.     The conduct of Defendant was in such reckless disregard of Plaintiff's federal statutory rights against disability discrimination as to entitled Plaintiff to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

51.     The disability discrimination Plaintiff suffered, in violation of his federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

52.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a.      Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b.      Awarding judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's discriminatory acts;

c.      Awarding judgment against Defendant for compensatory damages;

d.      Awarding judgment against Defendant for punitive damages;

e.      Enjoining Defendant to reinstate Plaintiff to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting him front pay;

f.      Awarding Plaintiff his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.      Awarding Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of

any damage award entered in his favor in this action; and

h.   Granting such other and further relief as the Court deems just.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADAAA

53.   Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-5, 7-45 above.

54.   Plaintiff requested a reasonable accommodation for his disability/perceived disability.  This constituted protected activity under the ADAAA.

55.   Plaintiff was terminated instead of being allowed to take leave to care for himself.

56.   Upon information and belief, Defendant's conduct, including but not limited to its refusal to engage in any dialogue regarding making a reasonable accommodation for Plaintiff could care for himself, and resulting termination of Plaintiff's employment, was, in whole or in part, motivated by Plaintiff's request for accommodation.

57.   As a natural, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

58. The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

59. The retaliation Plaintiff suffered, in violation of his federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

60. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

    a. Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

    b. Awarding judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

    c. Awarding judgment against Defendant for compensatory damages;

    d. Awarding judgment against Defendant for punitive damages;

e. Enjoining Defendant to reinstate Plaintiff to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting his front pay;

f. Awarding Plaintiff his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g. Awarding Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in his favor in this action; and

h. Granting such other and further relief as the Court deems just.

## COUNT III:
## RETALIATION IN VIOLATION OF §440.205, FLORIDA STATUTES

61. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-9, 13-14, 16-17, 25-42, as if fully set forth in this Count.

62. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the §440.205, Florida Statutes.

63. Plaintiff was discharged by Defendant for attempting to claim compensation under the Worker's Compensation Law (Chapter 440, Florida Statutes).

64. The retaliation to which Plaintiff was subjected was based on his disability.

65. The retaliation to which Plaintiff was subjected was based on his attempt to claim compensation Worker's Compensation Law (Chapter 440, Florida Statutes).

66. Defendant did not have a legitimate, non-discriminatory/retaliatory reason for Plaintiff's firing.

67. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

68. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court will:

i. That the Court declare that Defendant violated the aforementioned causes of action;

ii. A jury trial and entry of judgment in Plaintiff's favor;

iii. Back pay;

iv. Front pay;

    v.    Compensatory damages;

    vi.    Liquidated damages;

    vii.    Attorney's fees and expenses; remove.

    viii.    Prejudgment interests, and, if applicable, post-judgment interest;

    ix    Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 29th day of November, 2022.

    Respectfully submitted,
    s/ Edward W. Wimp
    Edward W. Wimp, Esquire – LEAD COUNSEL
    FBN: 1015586
    Email: ewimp@theleachfirm.com

    Anthony Hall, Esquire
    FBN: 0040924
    Email: ahall@theleachfirm.com

    THE LEACH FIRM, P.A.
    631 S. Orlando Ave., Suite 300
    Winter Park, FL 32789
    Telephone: (407) 574-4999
    Facsimile: (833) 813-7513

    Attorneys for Plaintiff